**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


*In re* **R.R., N.R., K.S., and W.D.**

**No. 24-83** (Mingo County CC-30-2021-JA-73, CC-30-2021-JA-74, CC-30-2021-JA-75, and CC-30-2021-JA-76)


**MEMORANDUM DECISION**


Petitioner Mother C.S.[1] appeals the Circuit Court of Mingo County's January 10, 2024, order terminating her parental rights to R.R., N.R., K.S., an W.D.,[2] arguing that the circuit court erred by adjudicating her as an abusing and neglecting parent. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision vacating and remanding the circuit court's May 16, 2023, and January 10, 2024, orders is appropriate in accordance with the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure.

In December 2021, the DHS filed a petition alleging that the petitioner's boyfriend, G.D., sexually abused R.R. and N.R. and that the petitioner not only was aware of the abuse but advised the children "not to say anything to anyone" and publicly supported G.D. during his parallel criminal proceeding. R.R. and N.R. underwent Child Advocacy Center ("CAC") interviews and reported that the sexual abuse occurred multiple times over the span of years "at mommy's house" and "at mommy's apartment." According to the record, the house was in Kentucky and the apartment was in West Virginia. At the time the petition was filed, the petitioner and G.D. lived in Kentucky with K.S. and W.D. in their care,[3] while R.R. and N.R. primarily resided with their

---

[1] The petitioner appears by counsel Ashley N. Sturgell. The West Virginia Department of Human Services appears by counsel Attorney General John B. McCuskey and Assistant Attorney General James Wegman. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. Counsel Lela Walker appears as the children's guardian ad litem ("guardian").

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3] It is unclear from the record how long these children resided in Kentucky prior to the petition's filing.

1

maternal grandmother in West Virginia under a legal guardianship for several years prior to the petition's filing, regularly visiting the petitioner and G.D.

The circuit court held a contested preliminary hearing in January 2022, at which time the DHS presented evidence regarding the allegations in the petition. Admitted into evidence were R.R. and N.R.'s CAC interviews, the criminal complaint against G.D., and photos of the petitioner with G.D., K.S., and W.D. wearing "we support [G.D.]" t-shirts posted on social media. A DHS worker testified regarding the children's sexual abuse disclosures and the petitioner's knowledge of the abuse. The DHS worker indicated that the petitioner was currently a Kentucky resident but that the abuse occurred in both Kentucky and West Virginia. A Child Protective Services ("CPS") worker also testified and indicated that the petitioner was still in a relationship with G.D. despite the sexual abuse allegations. The court ratified removal and scheduled the matter for adjudication.

Following several continuances, an adjudicatory hearing was held in February 2023. The circuit court took judicial notice of all prior evidence and testimony. The court then heard testimony from a CPS worker who stated that the petitioner was still in a relationship with G.D. and "unconditionally" supporting him regarding the allegations. Furthermore, the DHS deemed this case to be one of aggravated circumstances. Considering the evidence, the court simply found "clear and convincing evidence that the Respondents, [the petitioner] and [G.D.] abused and neglected the subject children" by an adjudicatory order entered May 16, 2023, over three months later. Thereafter, the court terminated the petitioner's parental rights at a hearing held in June 2023.[4] We note that the order from the final dispositional hearing was not entered until January 10, 2024, approximately seven months later. It is from the dispositional order that the petitioner appeals.[5]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Furthermore, when "the process [for abuse and neglect proceedings] . . . has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syl. Pt. 3, in part, *In re Emily G.*, 224 W. Va. 390, 686 S.E.2d 41 (2009) (quoting Syl. Pt. 5, in part, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001)). The petitioner argues that the court erred in adjudicating her as an abusing and neglecting parent. We agree, as it appears that the court failed to establish jurisdiction.

---

[4] Because this decision is premised upon error with the court's adjudicatory ruling, it is unnecessary to discuss disposition.

[5] The father of R.R. and N.R. is currently participating in DHS services, and the permanency plan for these two children is reunification with their father while the concurrent plan is adoption by their maternal grandmother. The father of K.S. is currently participating in DHS services, and the permanency plan for this child is reunification with his father while the concurrent plan is adoption by the grandmother. The court terminated the parental rights of the father of W.D., and the permanency plan for this child is adoption by the grandmother.

2

Regarding K.S. and W.D., the DHS and guardian concede error in the circuit court's exercise of jurisdiction. Pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"),

> "to exercise jurisdiction to determine child custody, a court of this state must satisfy one of the four bases of jurisdiction set forth in Section 201(a). These four bases have been aptly summarized as 1) 'home state' jurisdiction; 2) 'significant connection' jurisdiction; 3) 'jurisdiction because of declination of jurisdiction'; and 4) 'default' jurisdiction. These jurisdictional bases do not operate alternatively to each other, but rather, in order of priority—reaching the next basis of jurisdiction only if the preceding basis does not resolve the jurisdictional issue." *In re K.R.*, 229 W. Va. [733,] at 740, 735 S.E.2d [882,] at 889 [(2012)] (internal citation omitted).

*In re Z.H.*, 245 W. Va. 456, 464, 859 S.E.2d 399, 407 (2021) (quoting *In re J.C.*, 242 W. Va. 165, 171, 832 S.E.2d 91, 97 (2019)). In *In re Z.H.*, this Court went on to explain that "home state" jurisdiction is conferred upon a West Virginia court if West Virginia is the child's home state "on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding, and the child is absent from this state but a parent or person acting as a parent continues to live in this state." *Id.* (quoting W. Va. Code § 49-20-201(a)(1)). As it relates to the children who are the subject of this proceeding, the term "home state"

> means the state in which the child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding . . . . A period of temporary absence of any of the mentioned persons is part of the period.

*Id.* (quoting Syl. Pt. 3, *Rosen v. Rosen*, 222 W. Va. 402, 664 S.E.2d 743 (2008)). Here, despite the DHS's petition stating that the children lived in Kentucky, the circuit court did not undertake an analysis under the UCCJEA, and we, therefore, cannot discern whether the court properly assumed jurisdiction. Accordingly, we must vacate the circuit court's May 16, 2023, adjudicatory order and remand this matter for an analysis of whether the court had jurisdiction over K.S. and W.D. under the UCCJEA.

Regarding R.R. and N.R., the petitioner asserts that the circuit court did not have jurisdiction to terminate her rights to these two children because they were in a legal guardianship at the time the petition was filed. We have clarified that "[t]he mere fact that a child is in a legal guardianship at the time an abuse and neglect petition is filed does not preclude a circuit court from exercising subject matter jurisdiction . . . provided that the child meets the definition of an 'abused child' or 'neglected child.'" Syl. Pt. 3, in part, *In re B.V.*, 248 W. Va. 29, 886 S.E.2d 364 (2023). Furthermore, "[t]o exercise subject matter jurisdiction, the court must make specific factual findings explaining how each child's health and welfare are being harmed or threatened by the allegedly abusive or neglectful conduct of the parties named in the petition." *Id.* Although R.R. and N.R. were in a legal guardianship at the time the petition was filed, the error here lies in the court's adjudicatory findings—or, rather, its lack thereof. Despite evidence of the petitioner's abusive and neglectful behavior, the court failed to make specific findings regarding how each

child was abused or neglected by the petitioner's conduct, simply declaring that the petitioner abused and neglected the children. Because we have repeatedly stated that such generalized findings will not suffice, we must vacate the circuit court's May 16, 2023, adjudicatory order and remand for sufficient findings to support its conclusions. *See, e.g., In re C.L.*, No. 23-268, 2024 WL 3618907, at *2 (W. Va. July 31, 2024) (memorandum decision).

Due to the jurisdictional errors with adjudication, it follows that the circuit court's January 10, 2024, dispositional order must also be vacated, as a circuit court cannot proceed to terminate parental rights without first making the necessary findings at adjudication. *See* Syl. Pt. 3, in part, *In re A.P.-1*, 241 W. Va. 688, 827 S.E.2d 830 (2019) (holding that appropriate findings pursuant to West Virginia Code § 49-4-601(i) are "a prerequisite to further continuation of the case.") (quoting Syl. Pt. 1, *State v. T.C.*, 172 W. Va. 47, 303 S.E.2d 685 (1983)).[6]

For the foregoing reasons, we vacate the circuit court's May 16, 2023, adjudicatory order and January 10, 2024, dispositional order, and remand this matter for entry of a sufficient adjudicatory order, consistent with this decision, and for any further proceedings which may be appropriate.[7] The Clerk is directed to issue the mandate contemporaneously herewith.

Vacated and remanded, with directions.

**ISSUED**: January 29, 2025

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV

---

[6] The petitioner raises other assignments of error regarding termination of her rights and denial of post-termination visitation. However, we need not address the substance of these remaining issues due to the dispositive nature of the jurisdictional errors discussed. Nonetheless, we note that the petitioner correctly argues that the circuit court erred by delaying entry of the final dispositional order, and we observe that the circuit court similarly delayed entry of the adjudicatory order. These delayed entries violate our Rules of Procedure for Child Abuse and Neglect Proceedings, which afford the court ten days following the conclusion of the hearing to enter its order). *See* W. Va. R. Proc. for Child Abuse & Neglect Proceed. 36(a) and 27. Although we have previously found that similar procedural delays did not result in reversible error, we have stressed in prior cases, as we do here, that "[c]hild abuse and neglect cases must be recognized as being the highest priority for the court's attention. Unjustified procedural delays wreak havoc on a child's development, stability and security." Syl. Pt. 1, in part, *In re Carlita B.*, 185 W. Va. 613, 408 S.E.2d 365 (1991).

[7] The vacation of these orders applies only to the petitioner, and the portions of the orders concerning other adult respondents remain in full force and effect, unless otherwise stated in a decision of this Court.